UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| SPRING MARINE DMCC, | : | |
| | : | |
| Petitioner, | : | 24 Civ. 7744 (LGS) |
| | : | |
| - against - | : | [PROPOSED] |
| | : | **DEFAULT JUDGMENT** |
| GENERAL OIL CO. INC., | : | |
| | : | |
| Respondent. | : | |
| | : | |

**THIS MATTER** comes before the Court by way of Petitioner Spring Marine DMCC's ("Spring Marine" or "Petitioner") unopposed application for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 22, against Respondent General Oil Co. Inc. ("General Oil" or "Respondent"); and

It appearing that this action arises out of an alleged breach of a charter party agreement (the "Charter Party") whereby Respondent chartered from Petitioner the M/V MAMBO, *see* Petition, ¶ 8 ECF No. 1; and

It appearing that Petitioner alleges that Respondent wrongfully cancelled the Charter Party, in breach thereof, *see id.* ¶¶ 12-13; and

It appearing that the Charter Party contains an arbitration provision that requires "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York" *id.* ¶ 10; and

It appearing that on September 13, 2024, Petitioner made a demand for arbitration under the Charter Party, *id.* ¶ 16; and

It appearing that despite receiving the notice, Respondent refused to appoint an arbitrator under the Charter Party or to otherwise submit to arbitration, *id.* ¶ 17; and

It appearing that on October 11, 2024, Petitioner filed a Petition against Respondent, seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and seeking an order appointing an arbitrator on Respondent's behalf pursuant to FAA section 5 of the FAA and an award of attorney's fees and costs, *see* Petition ¶¶ 187-22; and

It appearing that Respondent has failed to answer the Petition or otherwise respond as of the date of this Order *see* ECF No. 18; and

It appearing that Petitioner filed the present Motion for Default Judgment seeking an order compelling Respondent to arbitrate in New York pursuant to the rules of the Society of Maritime Arbitrators and appointing an arbitrator on Respondent's behalf, *see* ECF No. 22; and

It appearing that Respondent has been properly served, *see* ECF Nos. 12, 23 and 24; and Respondent having failed to appear at the show-cause hearing on February 5, 2025.

It appearing that a party "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration," may petition the district court "for an order directing that such arbitration proceed in the manner provided for in such agreement," 9 U.S.C. § 4, and when presented with such a petition, a "federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law; in keeping with the well-pleaded complaint rule," *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009); and

It appearing that this dispute arises from a maritime charter party agreement, whereby Respondent agreed to charter the M/V Mambo from Petitioner, and therefore the underlying agreement Respondent allegedly breached is a maritime contract within this Court's admiralty jurisdiction under 28 U.S.C. § 1333, *Rice Corp. v. Express Sea Transp. Corp.*, 14 Civ. 5671, 2015 U.S. Dist. LEXIS 67842 (S.D.N.Y. May 26, 2015); and

It appearing that, pursuant to the Charter Party, Respondent consented to personal jurisdiction in this forum by consenting to arbitrate disputes in New York, Petition, Ex. 1,

[2]

ECF No. 1-1; and

It appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, *Starbucks Corp. v. Brandpat, LLC*, 24 Civ. 4927(LGS), 2024 U.S. Dist. LEXIS 195551 (S.D.N.Y. Jan. 5, 2024); and

It appearing that "[b]efore compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement," *McDougall v. Samsung Elecs. Am., Inc.*, 23 Civ. 168 (LGS), 2023 U.S. Dist. LEXIS 178169 (S.D.N.Y. Oct. 3, 2023); and

It appearing that the Charter Party provides that "disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York," Petition, ¶ 18, ECF No. 1, a broad arbitration clause mandating that disputes between the parties to the agreement are arbitrable," *E&B Giftware, LLC v. Kinburn*, 14 CV 4709 (VB), 2015 U.S. Dist. LEIS 66419 (S.D.N.Y. May 12, 2015), therefore showing both the presence of an agreement to arbitrate and that Petitioner's claim against Respondent falls within that agreement; and

It appearing that Petitioner also seeks appointment of an arbitrator on behalf of Respondent, as it has under the Charter party, Petition, ¶ 17, ECF No. 1; and

It appearing that under the FAA, if an arbitration agreement includes "a method of naming or appointing an arbitrator" but a "party thereto shall fail to avail himself of such method," then "the court shall designate and appoint an arbitrator . . . who shall act under the said agreement with the same force and effect as if he . . . had been specifically named therein," 9 U.S.C. § 5; and

It appearing that under the Charter Party's arbitration clause, disputes are to be heard by

[3]

a panel of three arbitrators, one appointed by each party and the third chosen by those appointed by each party, Petition ¶ 19, ECF No. 1, ECF No. 1-1, Clause 35; and

It appearing that because Petitioner has shown that it made a demand for arbitration, including nomination of an arbitrator, Petition ¶ 16, ECF No. 1, and that Respondent has not responded to this demand or nominated an arbitrator, *id.* ¶ 17, the Court will appoint an arbitrator on Respondent's behalf;

**IT IS** on this _____ day of ~~February, 2025~~ March 18, 2025;

**ORDERED** that Petitioner's Motion for Default Judgment on its petition to compel arbitration, ECF No. 1, is **GRANTED**; and it is further

**ORDERED** that the parties' dispute is hereby referred to arbitration in the City of New York, New York; and it is further

**ORDERED** that Petitioner's request for the appointment of an arbitrator on Respondent's behalf is **GRANTED**; and it is further

**ORDERED** that David W. Martowski of New York, New York, a member of the Society of Maritime Arbitrators, is hereby appointed as Respondent's arbitrator; and it is further

ORDERED that Mr. Michael J. Mitchell and Mr. David W. Martowski shall confer and appoint the third arbitrator. It is further

**ORDERED** that this action is **STAYED**. **Sixty days** after the date of this Opinion and Order, and **every sixty days thereafter**, the parties shall file a joint letter apprising the Court of the status of any arbitration. The parties are directed to inform the Court promptly of any resolution of the arbitration proceedings or any other event that may affect the stay of this matter.

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1333. Personal jurisdiction is proper pursuant to the parties' arbitration agreement, which states that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York."

The Complaint adequately alleges that Respondent agreed to arbitrate the relevant dispute. "In deciding whether to compel arbitration, a court must first decide whether the parties agreed to arbitrate." *Zachman v. Hudson Valley Federal Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022). A court must then decide "whether the arbitration agreement applies to a particular dispute." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 317 (2d Cir. 2021).

The Complaint alleges that the parties entered into a voyage charter party (the "Charter Party"). The Charter Party incorporates by reference the terms of the ExxonMobil VOY2005 charter party. Clause 35 of the ExxonMobil VOY2005 states: "Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York." Petitioner has also provided sufficient evidence to show that there was a meeting of the minds and mutual assent regarding the Charter Party. The language of the arbitration clause also indicates that the parties intended to arbitrate all issues arising from the contract. Thus, the Complaint adequately alleges that Respondent agreed to arbitrate the relevant dispute.

Default judgment is granted on Petitioner's petition to compel arbitration.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 22.

Dated: March 18, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE