UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SPRING MARINE DMCC,
Petitioner,

-against-

GENERAL OIL CO. INC.,
Respondent.

------------------------------------------------------------X

24 Civ. 7744 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Petitioner Spring Marine DMCC moves to confirm and enforce a final arbitral award (the "Award") against Respondent General Oil Co. Inc. Respondent participated in the arbitration but has not appeared in this action and did not oppose the petition to compel arbitration (the "Petition"). For the following reasons, the unopposed motion to confirm the Award is granted in part and denied in part.

## I. BACKGROUND

The following facts are taken from the Petition and Petitioner's filings in support of the motion to confirm the Award. Petitioner is a corporation formed under the laws of a foreign country with its principal place of business in the United Arab Emirates. Respondent is a corporation formed under the laws of Florida with its principal place of business in Florida. During the relevant period, Respondent was in the business of shipping bulk liquid energy products, such as diesel oil, and Petitioner was the disponent owner of (i.e., had the commercial right to use and control) the vessel M/T MAMBO (the "Vessel").

On August 12, 2024, Petitioner and Respondent entered a voyage charter party (the "Charter") for the transport of diesel fuel from Beaumont, Texas to Haiti using the Vessel. As required by the Charter, Petitioner delivered the Vessel for loading on August 18, 2024, and

tendered its Notice of Readiness to Respondent and its broker. On August 20, 2024, Respondent terminated the Charter. In response, on August 21, 2024, Petitioner repositioned the Vessel for a substitute charter and requested payment from Respondent for costs incurred from Respondent's termination. Respondent refused to make payment.

The Charter includes an arbitration clause requiring arbitration in the City of New York "of disputes of whatsoever nature arising out of this Charter" and permitting judgment to be entered on any award in any court with jurisdiction. On September 13, 2024, Petitioner demanded arbitration of its claim regarding Respondent's termination of the Charter. After Respondent disregarded Petitioner's demand, Petitioner initiated this action to compel arbitration.

Petitioner moved for default judgment on the Petition to compel. By Order dated March 18, 2025, the motion was granted. The Order found personal jurisdiction by consent over Respondent in New York and subject matter jurisdiction under 28 U.S.C. § 1333, and that the Charter is a valid contract entered into by the parties requiring arbitration of Petitioner's claim for damages. The Order stayed this action pending arbitration.

On March 21, 2025, three arbitrators declared the arbitration panel (the "Panel") fully constituted and directed submissions from the parties. Although Respondent objected to the arbitration and initially did not participate, Respondent made a submission, after being directed to respond by the Panel, arguing that (1) service of the motion to compel was improper and personal jurisdiction over Respondent in New York was lacking, (2) the Charter was not a properly formed contract and (3) the Panel lacked a sufficient evidentiary record to find for Petitioner.

On September 8, 2025, after considering the parties' submissions, the Panel issued the Award unanimously finding for Petitioner. The Panel found that Respondent had terminated the

Charter by failing to supply cargo following the Vessel's Notice of Readiness and that such termination constituted a breach, causing Petitioner damage. Relying on the default judgment Order, the Panel rejected Respondent's service and jurisdictional arguments. The Panel awarded Petitioner $251,077.84, comprising (1) $195,594.51 in damages, reflecting Petitioner's loss of four-and-a-half days of the Vessel's use time and fuel costs, (2) $22,350.00 in arbitrator fees and costs, (3) $17,362.52 in attorney's fees and costs and (4) $15,770.81 in interest accrued from the Charter's invoice date, August 21, 2024, to the date of the Award, September 8, 2025. The Award further provides that if it is not paid within thirty days, interest will accrue at a rate of 2% per month until the Award is satisfied or reduced to a judgment.

On March 12, 2026, Petitioner moved to confirm and enforce the Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (June 10, 1958), incorporated by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208 (the "New York Convention"), and under the FAA, 9 U.S.C. § 1 *et seq*. Petitioner served the motion and related filings on Respondent at the offices of the New York and Florida Secretaries of State and by email to Respondent's general counsel who had appeared at the arbitration. Respondent did not appear in this action or oppose the motion to confirm.

## II. STANDARD

Under the FAA, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected" pursuant to Sections 10 or 11 of the FAA. 9 U.S.C. § 9. "An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the

use of arbitration by consenting parties."[1] *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023). "[O]nly a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award," and "[t]he award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 378-79. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015); *VC Healthy Living, Inc. v. ILKB, LLC*, No. 22 Civ. 5549, 2024 WL 3861847, at *4 (S.D.N.Y. Aug. 19, 2024).

A district court should treat an unanswered petition to confirm or vacate an arbitration award as an "unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. JJD Matthew Constr. Inc.*, No. 25 Civ. 10740, 2026 WL 1179654, at *2 (S.D.N.Y. Apr. 30, 2026). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair & Co.*, 462 F.3d at 110.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction. As with Petitioner's motion for default judgment, admiralty jurisdiction exists under 28 U.S.C. § 1333 because the Petition arises from a

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

dispute under the Charter, which is a maritime contract. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 632 (2d Cir. 2016) (noting that federal district courts have admiralty jurisdiction over claims arising from maritime contracts); *Fednav v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir. 1991) ("It is well-established that a charter party agreement is a maritime contract."); *Absolute Nev., LLC v. Grand Majestic Riverboat Co. LLC*, No. 19 Civ. 11479, 2020 WL 7480621, at *2 (S.D.N.Y. Dec. 18, 2020). Diversity jurisdiction also exists under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, Petitioner is a citizen of a foreign country (the United Arab Emirates), and Respondent is alleged to be a citizen of Florida. A district court "that has previously stayed claims in a pending action under § 3 of the [FAA]," as occurred here, "does not lose . . . jurisdiction while the case is stayed pending arbitration." *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1214 (2026).

**B. Confirmation of the Award**

Petitioner moves to confirm the Award under the New York Convention or, alternatively, Chapter 1 of the FAA. The country where an arbitral award is rendered has "primary jurisdiction" over an award and is "free to set aside or modify an award in accordance with its domestic arbitral law." *Molecular Dynamics, Ltd. v. Spectrum Dynamics Med. Ltd.*, 143 F.4th 70, 83-84 (2d Cir. 2025). Because the arbitration took place in New York and the Award was rendered in New York, confirmation of the Award is analyzed under Chapter 1 of the FAA, which governs domestic arbitration awards. *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007) (where arbitration took place in the United States, arbitration awards were "subject to the FAA provisions governing domestic arbitration awards"); *Thayermahan Inc. v. Atl. Oceanic LLC*, No. 26 Civ. 3702, 2026 WL 1786006, at *2 (S.D.N.Y. June 22, 2026) (same).

For the following reasons, the motion to confirm the Award of damages, attorney's fees and costs, arbitrator fees and costs and pre-award, pre-judgment interest is granted because there

are no genuine disputes of material fact. The panel acted within the scope of its authority. Petitioner and Respondent entered into the Charter, which specifies that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York." The Charter further states that "[t]he decision of any two of the three [arbitrators] on any point or points shall be final" and that "Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees" and "any relief which [the arbitrators], or a majority of them, deem just and equitable."

Respondent's failure to perform under the Charter and non-payment creates "a dispute . . . arising out of [the] Charter." The panel of three arbitrators unanimously entered the Award against Respondent. The Award includes damages, attorney's fees and costs, arbitrator fees and costs and pre-award, pre-judgment interest -- all of which the panel had authority to grant either explicitly or as relief deemed just and equitable. Respondent has not opposed the Petition and has not otherwise moved to "vacate[], modif[y], or correct[]" the Award under Sections 10 or 11 of the FAA. *See* 9 U.S.C. § 9.

The panel's determination that the Charter is an enforceable contract breached by Respondent is supported by more than the necessary "barely colorable justification." *See Smarter Tools Inc.*, 57 F.4th at 378. The panel found that Petitioner established the four elements of a breach of contract claim because (i) the Charter was an executed and enforceable contract, (ii) Respondent performed by providing the Notice of Readiness of the Vessel as required by the Charter, (iii) Respondent improperly terminated the Charter by breaching its "absolute duty to provide a cargo" and (iv) Petitioner suffered damages from lost use time of the vessel, fuel consumed while waiting for Respondent's cargo and repositioning the vessel for a

substitute charter. The panel further found that Petitioner reasonably mitigated damages by finding a substitute charter for the Vessel.

Based on these findings, the panel awarded Petitioner damages, attorney's fees and costs, arbitrator fees and costs and pre-award, pre-judgment interest. In calculating damages, attorney's fees and arbitrator costs, the panel analyzed the Charter, an invoice submitted by Petitioner and a declaration from Petitioner's counsel evidencing reasonable fees and expenses charged in the New York maritime legal community. The panel calculated pre-award, pre-judgment interest from the Charter's invoice date to the date of the Award at a simple annualized commercial prime lending rate of 7.68%, which can be inferred from the Award.[2] *See Trithorn Bulk A/S v. Duron Cap. LLC*, No. 22 Civ. 9628, 2023 WL 4157167, at *6 (S.D.N.Y. June 23, 2023) (confirming pre-award interest at the prime lending rate granted in maritime arbitration award). Nothing in the record suggests any basis for vacatur, modification or correction of the Award. The Award of damages, attorney's fees and costs, arbitrator fees and costs and pre-award, pre-judgment interest is confirmed.

**C. Post-Award, Pre-Judgment Interest**

Petitioner also seeks to confirm the Award's grant of post-award, pre-judgment interest at a rate of 2% per month, or 24% percent per annum, accruing thirty days from the Award's date. Petitioner's request is granted in part and denied in part.

"Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest." *Westchester Ins. Co. v.*

[2] Although not explicitly denoted in the Award, the annualized rate at which the Award granted pre-award, pre-judgment interest can be calculated at 7.68% by (1) dividing the granted pre-Award, pre-judgment interest amount ($15,770.81) by the total amount of damages ($195,594.51), which results in a simple interest rate of 8.09%, and (2) then annualizing that simple interest rate, which results in an annualized simple interest rate of 7.68%.

*Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. Nov. 22, 2005) (citing *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 73 F.2d 150, 153-54 (2d Cir. 1984)); *Local 553, International Brotherhood of Teamsters v. Fred Schildwachter & Sons, Inc.*, No. 24 Civ. 9421, 2025 WL 2391048, at *7 (S.D.N.Y. Aug. 18, 2025). "It is [also] firmly established that allowance of pre-judgment interest in admiralty actions should be granted in the absence of exceptional circumstances . . . ." *Mentor Ins. Co. (U.K.) v. Brannkasse*, 996 F.2d 506, 520 (2d Cir. 1993); *accord Golden v. OSG Ship Mgmt., Inc.*, No. 14 Civ. 6636, 2018 WL 9945194, at *1 (S.D.N.Y. Jan. 17, 2018). A district court considering an award of pre-judgment interest "must select a rate that compensates for the award's diminution in value over time while not overcompensating the petitioner." *Trividia Health, Inc. v. Nipro Corp.*, No. 20 Civ. 8450, 2022 WL 1744701, at *3 (S.D.N.Y. May 31, 2022); *Transamerica Ship Holdings, Ltd. v. Marine Control, Inc.*, No. 25 Civ. 2827, 2025 WL 2644141, at *2 (S.D.N.Y. Sep. 15, 2025).

The 7.68% per annum rate for pre-award, pre-judgment interest is also appropriate for post-award, pre-judgment interest, which is granted. The Award's grant of a post-award, pre-judgment interest rate of 24% per annum significantly overcompensates Petitioner. *See N.Y. Marine & Gen. Ins. Co.* v. *Tradeline (L.L.C.)*, 266 F.3d 112, 131 (2d Cir. 2001) (affirming denial of 17% pre-judgment interest rate that did not reflect "short-term and risk-free obligations"). A 24% per annum rate also significantly exceeds the current roughly 4% rate awarded for post-judgment interest at the weekly average 1-year constant maturity Treasury yield under 28 U.S.C. § 1961. *Selected Interest Rates (Daily)*, Bd. of Governors of the Fed. Rsrv. Sys., https://www.federalreserve.gov/releases/h15/ (last visited Oct. 15, 2026) [https://perma.cc/5YWK-5D3H]. Post-award, pre-judgment interest is awarded at a rate of 7.68% per annum accruing thirty days from the Award's date.

**D. Post-Judgment Interest**

Petitioner also is entitled to interest from the date of judgment in this action at the statutory rate defined in 28 U.S.C. § 1961. The award of post-judgment interest pursuant to § 1961 is "mandatory" and does not "permit of the exercise of judicial discretion." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers International Association*, 852 F.3d 217, 223 (2d Cir. 2017); *Key Inv. Servs. LLC v. Oliver*, No. 23-7326, 2025 WL 1523350, at *5 (2d Cir. May 29, 2025) (summary order). Section 1961 applies to actions to confirm an arbitration award. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case); *Kairos Manford Priv. Equity Fund I L.P. v. Xu*, No. 25 Civ. 5866, 2026 WL 2389242, at *6 (S.D.N.Y. Aug. 15, 2026) (same). Pursuant to § 1961, Petitioner is awarded post-judgment interest at the statutory rate, accruing from the date judgment is entered until payment is made.

**E. Attorney's Fees and Costs**

The Petition requests the attorney's fees and costs incurred in connection with this action. This request is granted. In a proceeding to confirm an arbitration award, attorney's fees and costs may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 614 (2d Cir. 2024). Here, Respondent has failed to comply with the Award and has failed to justify its refusal to abide by the arbitration panel's decision. Petitioner is thus entitled to reasonable attorney's fees and costs incurred in attempting to collect from Respondent. *See, e.g.*, *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Allac LLC*, No. 25 Civ. 10777, 2026 WL 1298411, at *4 (S.D.N.Y. May 12, 2026) (granting reasonable attorney's fees and costs where respondent failed to comply with arbitration award and did not appear before court despite being properly served).

The parties are directed to meet and confer on a mutually agreeable award of fees and costs. If no agreement is reached, Petitioner shall submit an application for fees and costs by **November 16, 2026**, including timesheets showing time worked, tasks performed, hourly billing rates and background information about the attorneys who worked on the case. *See Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done."); *Thayermahan Inc.*, 2026 WL 1786006, at *4 (same). Respondent shall submit any opposition to the application by **December 7, 2026**.

## IV. CONCLUSION

For the foregoing reasons, the motion to confirm and enforce the Award is **GRANTED** in part and **DENIED** in part: (1) Petitioner is awarded $251,077.84 pursuant to the Award. (2) Petitioner is awarded post-Award, pre-judgment interest at 7.68% per annum accruing from October 8, 2025 (thirty days after the date of the Award) through the date judgment is entered. The Award's grant of post-Award, pre-judgment interest at a rate of 2% per month, accruing thirty days from the date of the Award, is rejected. (3) Petitioner is also awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made.

By **November 16, 2026**, Petitioner shall file any motion for attorney's fees and costs, including timesheets and other documents supporting the motion, and by **December 7, 2026**, Respondent shall file any opposition. Petitioner shall file documentary proof of service (e.g., USPS tracking or other delivery confirmation) of this Opinion & Order on Respondent by **October 26, 2026**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 40 and 42 and to enter judgment in favor of Petitioner.

Dated: October 20, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE